THERESA CONDUAH (SBN 338362)
F. ASAL SAFFARI (SBN 322479)
ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
E-mail:  theresa.conduah@alston.com
         asal.saffari@alston.com

EMILY CHAMBERS WELCH (*pro hac vice* pending)
ALSTON & BIRD LLP
1201 W Peachtree Street, Suite 4900
Atlanta, GA 30309
Telephone: (404) 881-7000
Email: emily.welch@alston.com

Attorneys for Plaintiff,
FERRARA CANDY COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERRARA CANDY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN CONTINENTAL LIMITED; AMERICAN FIZZ (UK) LIMITED; LD DISTRIBUTION SERVICES, L.L.C.; BRAD ARMITAGE; and REZA AGHAJANZADEH,<br><br>Defendants. | Case No.:  2:25-cv-8249<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114]**<br><br>2. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)(1)(A)]**<br><br>3. **FALSE ADVERTISING [15 U.S.C. § 1125(a)(1)(B)]**<br><br>4. **FEDERAL TRADEMARK DILUTION [15 U.S.C. § 1125(c)]**<br><br>5. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF CODE, §§ 17200, ET SEQ**<br><br>6. **DILUTION IN VIOLATION OF CAL. BUS. & PROF CODE, §§ 14330-14335**<br><br>7. **CALIFORNIA COMMON LAW UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ferrara Candy Company ("Plaintiff" or "Ferrara") brings this action against Defendants American Continental Limited ("American Continental"), American Fizz (UK) Limited ("American Fizz"), LD Distribution Services, L.L.C. ("LD Distribution"), Brad Armitage ("Armitage"), and Reza Aghajanzadeh ("Aghajanzadeh") (collectively, "Defendants") for trademark infringement, unfair competition, false designation of origin, false advertising, and dilution in violation of federal and California state law.

## **PRELIMINARY STATEMENT**

1.     Defendants are a group of candy and snack product distributors poised to launch their DWEEBS candy products across the United States and infringe upon Ferrara's famous NERDS brand.

2.     As part of this campaign, Defendants have engaged in knowing and willful false and misleading advertising regarding their DWEEBS candy products and its connection with Ferrara, the NERDS family of products, and, notably, the classic DWEEBS product previously offered by Ferrara's predecessor-in-interest.

3.     Since first learning of Defendants American Fizz and American Continental's activities in at least the United Kingdom in or around July 2023, Ferrara has sent Defendants American Fizz and American Continental (and its principals) numerous letters and attempted to resolve this dispute in good faith with Defendants. As of this date, Defendants continue their campaign to deceive customers by (1) employing their infringing DWEEBS mark in violation of 15 U.S.C. § 1114; (2) engaging in unfair competition and false designation of origin, in violation of 15 U.S.C. § 1125(a)(1)(A); engaging in false advertising in violation of 15 U.S.C. § 1125(a)(1)(B); engaging in dilution in violation of 15 U.S.C. § 1125(c); engaging in unfair competition in violation of CAL. BUS. & PROF CODE, §§ 17200, et seq; and engaging in unfair competition in violation of California common law. Defendants are unrepentant in their efforts, and Ferrara has been forced to bring this action to protect its valuable intellectual property and its reputation as a provider of quality candy

products.

## **PARTIES**

4.    Ferrara is an Illinois corporation, having offices at 404 Harrison Street, Chicago, Illinois 60607.

5.    Defendant American Continental is a United Kingdom private limited company, having offices at 9a & 10a Saxon Square, Christchurch, Dorset, England, BH23 1QA.

6.    Defendant American Fizz is a United Kingdom private limited company, having offices at 9a & 10a Saxon Square, Christchurch, Dorset, England, BH23 1QA.

7.    Upon information and belief, American Fizz and American Continental are related companies.

8.    Defendant LD Distribution is a New Jersey limited liability company, having offices at 459 Route 31 South, Washington Township, New Jersey, 08827.

9.    Upon information and belief, LD Distribution has warehouse facilities located in Los Angeles and ships products from this location.

10.    Upon further information and belief, LD Distribution is the authorized distributor and/or an affiliate company in the United States for Defendants American Continental and American Fizz.

11.    Defendant Armitage is an individual residing in the United Kingdom. Upon information and belief, Defendant Armitage is the co-founder and director of American Fizz and a principal of American Continental. Upon further information and belief, Defendant Armitage personally authorized, directed, and/or participated in the infringing activities complained of herein.

12.    Defendant Aghajanzadeh is an individual residing in the United Kingdom. Upon information and belief, Defendant Aghajanzadeh is the co-founder and director of American Fizz and American Continental. Upon further information and belief, Defendant Aghajanzadeh personally authorized, directed, and/or participated in the infringing activities complained of herein.

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction over this matter because this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). Jurisdiction for the claims made under California state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

14. This Court has personal jurisdiction over Defendants and venue is proper in this district under 28 U.S.C. § 1391(b) and (c).

15. Defendant American Continental is subject to personal jurisdiction and venue is proper in this Court because it is not a resident of the United States and may be sued in any district. Further, Defendant American Continental is subject to personal jurisdiction in this Court because it has purposefully availed itself of the benefits of doing business in the State of California by advertising, promoting, and offering for sale and/or selling products in California, at least through its website, dweebs.com, where Defendant American Continental admits to "delivering candy across the United States" including California and this district. Jurisdiction and venue are also proper because Defendant American Continental markets and advertises products using the infringing marks through the dweebs.com website, which is available and accessible to residents in California. Defendant American Continental's products are also available for purchase into this district through Defendant's retailers.

16. Defendant American Fizz is subject to personal jurisdiction and venue is proper in this Court because it is not a resident of the United States and may be sued in any district. Further, Defendant American Fizz is subject to personal jurisdiction in this Court because it has purposefully availed itself of the benefits of doing business in the State of California by advertising, promoting, and offering for sale and/or selling products in California, at least through its website, dweebs.com, where Defendant American Fizz admits to "delivering candy across the United States" including

California and this district. Jurisdiction and venue are also proper because Defendant American Fizz markets and advertises products using the infringing marks through the dweebs.com website, which is available and accessible to residents in California. Defendant American Fizz's products are also available for purchase into this district through Defendant's retailers.

17.　Defendant Armitage is subject to personal jurisdiction and venue is proper in this Court because Defendant Armitage is not a resident of the United States and may be sued in any district. Further, Defendant Armitage is subject to personal jurisdiction in this Court because Defendant Armitage has purposefully availed himself of the benefits of doing business in the State of California by directing and participating in advertising, promoting, and offering for sale and/or selling products in California, at least through the website, dweebs.com, where Defendants American Continental and American Fizz, at the direction of and with the active, direct participation of Defendant Armitage admit to "delivering candy across the United States" including California and this district. Jurisdiction and venue are also proper because Defendants American Fizz and American Continental, at the direction of and with the active, direct participation of Defendant Armitage market and advertise products using the infringing marks through the dweebs.com website, which is available and accessible to residents in California. Defendants American Continental's and American Fizz' products are also available for purchase into this district through Defendant's retailers, due to the direction and active participation of Defendant Armitage.

18.　Defendant Aghajanzadeh is subject to personal jurisdiction and venue is proper in this Court because Defendant Aghajanzadeh is not a resident of the United States and may be sued in any district. Further, Defendant Aghajanzadeh is subject to personal jurisdiction in this Court because Defendant Aghajanzadeh has purposefully availed himself of the benefits of doing business in the State of California by directing and participating in advertising, promoting, and offering for sale and/or selling products in California, at least through the website, dweebs.com, where Defendants American

Continental and American Fizz, at the direction of and with the active, direct participation of Defendant Aghajanzadeh admit to "delivering candy across the United States" including California and this district. Jurisdiction and venue are also proper because Defendants American Fizz and American Continental, at the direction of and with the active, direct participation of Defendant Aghajanzadeh market and advertise products using the infringing marks through the dweebs.com website, which is available and accessible to residents in California. Defendants American Continental's and American Fizz' products are also available for purchase into this district through Defendant's retailers, due to the direction and active participation of Defendant Aghajanzadeh.

19.　　Defendant LD Distribution is subject to personal jurisdiction and venue is proper in this Court because Defendant LD Distribution has purposefully availed itself of the benefits of doing business in the State of California by directing and participating in advertising, promoting, and offering for sale and/or selling products in California. Jurisdiction and venue are also proper because Defendant LD Distribution operates a warehouse in this district, from which it offers "options to ship from our satellite warehouse in Los Angeles" as promoted on its website available at domain lddistro.com/products, shown below.



20.    By engaging in this conduct, Defendants have purposefully availed themselves of the benefits of doing business in the State of California and have and continue to commit tortious actions in this State that cause Ferrara injury within this State.

21.    Further, by committing acts of trademark infringement, false designation of origin, false advertising, and unfair competition in this district, including, but not limited to, by using infringing marks in connection with the distribution, sale, advertisement, marketing, promotion, and offer for sale of goods in this district, Defendants' acts form a substantial part of the actions giving rise to Ferrara's claims.

## FACTS

## FERRARA'S FAMOUS CANDY PRODUCTS AND TRADEMARKS

22.    Ferrara is a recognized global leader in confections, and, together with its related companies, makes, distributes, markets, and sells throughout the United States numerous well-known, distinctive, and famous candy products, including under the famous NERDS brand.

23.    Following the success of the *Willy Wonka & the Chocolate Factory* movie, which premiered in 1971, Ferrara's predecessor-in-interest introduced a series of candy products using used various themes associated with the beloved Willy Wonka character.

24.    One of the Wonka-themed candy products introduced by Ferrara's predecessor-in-interest is the NERDS candy product. Specifically, NERDS candy products were first introduced by Sunmark Corporation as part of its Willy Wonka Brands candy division in 1982.

25.    The Willy Wonka Brands division was subsequently acquired by Societe des Produits Nestlé S.A. ("Nestlé"), and Ferrara and its related company ultimately acquired Nestlé's U.S. confectionery business, including the iconic NERDS family of products. Ferrara and its related company also own the exclusive rights to use the WONKA Brand in connection with its confectionary products.

26.    Since its introduction in the 1980s, the NERDS candy brand has achieved

enormous commercial success. This success is reflected by its extensive sales, totalling nearly 870 million dollars in the United States in 2024 alone. These sales have been supported by significant marketing and promotional campaigns throughout the United States, including in California. Ferrara spent nearly 42 million dollars on marketing and promoting the NERDS candy brand and the various products under that brand in 2024.

27.    The NERDS brand was first introduced in 1982 in association with Ferrara's novel candy product featuring small, irregularly shaped pieces of candy in bright colors (the "Original NERDS Product").

28.    The distinct varying and irregular pebble design of the Original NERDS Product is itself a registered trademark, with U.S. Registration Numbers 7799631 and 7799633.

| Mark | Exemplary Product |
|------|-------------------|
|  |  |

29.    The Original NERDS Product was an immediate success, winning "Candy of the Year" in 1985 from the National Candy Wholesalers Association.

30.    Ferrara's NERDS candy products have been manufactured, marketed, and sold in different flavor and style variations under the famous NERDS trademarks, distinctive product packaging, and characteristic product designs, including its iconic "cloud of sweets" logo (the "NERDS Cloud Logo") and NERDS characters.



31.    Ferrara is also well-known for its iconic and distinctive dual color product packaging schemes, including the below marks used in connection with its iconic NERDS brand ("the NERDS Dual Color Packaging Trade Dress").

| Mark | Exemplary Product |
|------|-------------------|
| | |
| | |

32.    Ferrara and its predecessors have long marketed, distributed, and sold candy and related products (including flavored drink mixes and frozen confections) under the famous NERDS trademarks, distinctive product packaging, and characteristic product designs. Ferrara markets and sells several NERDS products throughout the United States and in this district. Representative images of NERDS products are

depicted above and below.

 

33.    In addition to its extensive common law rights, Ferrara owns numerous federal registrations for the iconic NERDS trademarks, product packaging, and product designs, including the registrations identified in **Exhibit A**.

34.    The marks shown in the federal registrations listed in Exhibit A, together with the common law rights, are hereinafter collectively referred to as the "NERDS Marks."

35.    In addition to the classic Original NERDS Product, Ferrara sells or has sold products like NERDS Drink Mix, NERDS ROPE (Registration No. 7293519), BIG CHEWY NERDS (Registration No. 7784304), and BABY NERDS (Registration No. 7807228), (collectively the "NERDS Family of Products").

36.    Ferrara's registrations are valid and subsisting, and Registration Nos. 4400174, 2209131, 4460028, 4400153, 4414355, and 4504325 are incontestable and constitute conclusive evidence of Ferrara's exclusive right to use the NERDS Marks for the goods specified in the registrations. 15 U.S.C. §§ 1065, 1115(b).

37.    As a result of Ferrara's extensive use and promotion of the NERDS Marks and the NERDS Family of Products, consumers have come to associate the famous NERDS Marks with Ferrara and its iconic candies.

38.    As a result of Ferrara's extensive sales, promotion, and advertising of candy products under the NERDS Marks, they have become famous among the general consuming public of the United States and represent an extraordinarily valuable

goodwill owned by Ferrara.

39.    From its *Willy Wonka* origins to recent collaborations and testimonials from celebrities such as Kylie Jenner, Nikki Minaj, and Lil Wayne, the NERDS brand is iconic. See below and **Exhibit B**.



**The Origin of the DWEEBS Candy Brand**

40.    In 1988, Ferrara's predecessor-in-interest introduced the DWEEBS candy product as part of the NERDS family of products and marketed the candy as the "cousin" of the NERDS candy product, using the well-known synonym of the term "nerd."

41.    As the "cousin" of the NERDS candy products, the DWEEBS candy product featured slightly larger, softer, and chewier pieces of the Original NERDS Product, while retaining a similar irregular and variable pebble appearance.

1
2
3
4
5
6
7
8
9
10



42.     The DWEEBS candy products were wildly popular and heavily marketed with NERDS candy and other WONKA-themed candy products.

43.     The DWEEBS products were discontinued in the late 1990s. To date, as a result of the tremendous popularity of the DWEEBS candy product due to its strong association with the NERDS Family of Products, the DWEEBS brand continues to enjoy extensive goodwill and is still associated with Ferrara and its famous NERDS Marks and NERDS Family of Products. See **Exhibit C**.

44.     Defendants seek to usurp and trade on the fame and goodwill of the NERDS Marks and the existing goodwill in the DWEEBS brand.

1

## **DEFENDANTS' UNAUTHORIZED CONDUCT**

2    45.    Long after Ferrara and/or its predecessor's first use of the NERDS Marks

3    on its family of products, Defendants have adopted and are using the confusingly similar

4    DWEEBS mark in connection with the marketing, sale, and distribution of identical

5    candy products, in violation of Ferrara's rights in the NERDS Marks.

6    46.    Upon information and belief, Defendants were aware of the popularity of

7    Ferrara's NERDS Marks and continued goodwill in the DWEEBS mark when they

8    selected the infringing DWEEBS mark.

9    47.    Indeed, upon information and belief, Defendants also distribute several

10    NERDS candy products and were thus aware of Ferrara's rights in the NERDS Marks.

11    48.    Based on their own marketing, including through the dweebs.com website,

12    Defendants intended to trade on the goodwill associated with Ferrara and its candy

13    brands when they selected the DWEEBS mark. See **Exhibit D**.

14
15
16

## The official DWEEBS website in the USA

DWEEBS are the fruity tangy candy inspired by the bold intensive flavours of the USA.

17    49.    Defendants market, sell, distribute, and otherwise promote the sale of

18    various candy products under the DWEEBS mark (collectively "DWEEBS Products")

19    through various channels, including the dweebs.com website. A representative sample

20    of Defendants' infringing DWEEBS Products are shown below and in **Exhibit E**.

21
22
23
24      
25
26
27
28



50. Defendants American Continental and American Fizz are the purported owners and/or assignors of trademark applications and registrations in the United States for the DWEEBS marks (collectively "DWEEBS Marks") in Class 30 and 32 listed below and in **Exhibit F:**

U.S. Reg. No. 7445451 for DWEEBS, registered July 16, 2024

U.S. Ser. No. 99150541 for DWEEBS Logo, filed April 23, 2025

51. Defendants have intentionally associated the DWEEBS Products with Ferrara and its iconic NERDS Marks and candy products by using confusing similar trademarks, including by adopting a nearly identical and confusingly similar dual color packaging, cloud logo, product design, and characters on its packaging (collectively "DWEEBS Packaging").










52.    Further, the product configuration of the Dweebs Products is nearly identical to the product configuration of the Original NERDS Product.

53.    As demonstrated above, Defendants have blatantly adopted numerous elements of Ferrara's iconic NERDS Marks.

54.    Defendants are also using confusingly similar marketing schemes and copy in a calculated attempt to dupe consumers into believing that Defendants' products are affiliated with, authorized by, or originate from Ferrara. See **Exhibit G**.

55.    Defendant LD Distribution itself in fact promotes its provision of Ferrara's NERDS Family of Products on its website at lddistro.com/products/, where the below image, prominently featuring NERDS products, is used to promote LD Distributions'

services.[1]

56.     Moreover, Defendants' retailers are offering Ferrara's NERDS candy products and Defendants' infringing DWEEBS Products together, including as part of "exclusive" gift boxes, further exacerbating the likelihood of confusion. See **Exhibit H**.



---

[1] Image available as of August 29, 2025.

57.    Unsurprisingly, the relevant consuming public is keenly aware of the false association between DWEEBS Products and Ferrara's NERDS Marks. See **Exhibit I**.

58.    Since first learning of Defendants American Fizz and American Continental's activities in the United Kingdom and Europe in or around July 2023, Ferrara has sent Defendants American Fizz and American Continental (and its principals) numerous letters and attempted to resolve this dispute in good faith.

59.    Ferrara has also filed oppositions in the United Kingdom against applications by Defendants American Fizz and American Continental to register DWEEBS Marks. See **Exhibit J**.

60.    Despite Ferrara's attempt at good faith discussions, and notwithstanding Defendants' knowledge of Ferrara's rights in the NERDS Marks, Defendants have continued to expand upon their infringing activities, including its recent entry into the United States.

61.    Specifically, upon information and belief, in early 2024, Defendants announced their intent to enter the U.S. market, posting on their dweebs.com website their plans to attend Sweets & Snacks Expo in Indianapolis, IN. See **Exhibit D**. The Sweets & Snacks Expo, sponsored by the National Confectioners Association, is a leading annual trade show focused on the confectionery and snack industries.



**DWEEBS to be exhibited at the Sweets & Snacks expo in Indianapolis**

We are thrilled to announce that we will be exhibiting at the Sweets & Snacks expo in Indianapolis. As a dynamic entrant in the FMCG sector, we take immense pride in presenting DWEEBS, our exciting new candy product line, which has been creating quite a buzz lately. This new addition to the confectionery world is poised to redefine the sweet treat experience with its distinctive flavor profiles and unparalleled quality.

Mark your calendars for May 2024 because DWEEBS will be taking center stage at the renowned Sweets & Snacks expo in Indianapolis. This prestigious event is the ideal platform for us to showcase our full range of DWEEBS products, offering attendees the chance to taste and sample each unique flavor. It's not just about indulging your sweet tooth; it's about embarking on a captivating journey of delightful tastes.

Our presence at the expo signals a crucial step in our ambitious strategy to expand our distribution network across the United States. We are determined to make DWEEBS accessible to every candy lover out there, enhancing the sweet moments in their lives with our distinctive and delectable range. Building on the momentum generated at the Sweets & Snacks expo, we plan to use the ensuing wave of enthusiasm to propel our products into retail outlets, supermarkets, and convenience stores nationwide. So, get ready, America! The DWEEBS revolution is coming to a store near you, ready to delight your taste buds and redefine your candy experience.

62.    Upon information and belief, at least Defendants American Fizz, American Continental, and Armitage attended the Sweets & Snacks Expo in May 2024 and exhibited the infringing DWEEBS Products. See **Exhibit K**.

63.    Defendants displayed the below infringing DWEEBS Marks and product paraphernalia at the 2024 Sweets & Snacks Expo. At that time, Ferrara was unable to

confirm that Defendants products were in fact available for purchase in the United States.



64.    In May 2025, all of the Defendants attended the Sweets & Snacks Expo in Indianapolis, IN, and prominently exhibited and offered samples of the infringing DWEEBS Products to attendees. Defendants further displayed the infringing DWEEBS Marks and DWEEBS Packaging. See below and **Exhibit L**.

1
2
3
4
5
6
7
8
9
10
11
12
13



14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

65.     Upon information and belief, since at least May 2025, Defendants'
infringing DWEEBS Products are now available for distribution to retailers in the
United States, including here in California, through Defendant LD Distribution.
Defendants' DWEEBS Products are also available for purchase into the United States
through various third-party retail sites. See **Exhibits M and N**.

66.     Notwithstanding Defendants' knowledge of Ferrara's rights in the NERDS
Marks and DWEEBS brand, Defendants have continued to engage in their blatantly
infringing conduct and expansion plans.

67.     While there appears to be various iterations of Defendants' DWEEBS
Marks currently in use in connection with the DWEEBS Products (shown below), each
of the marks trades off the goodwill of the NERDS Marks, utilizing the infringing
DWEEBS word mark, a small, irregular, and variable pebble like candy product
configuration that infringes the Original NERDS Product, and product packaging
elements that infringe numerous of the NERDS Marks.

  

68.    There is no question that Defendants' marketing and sale of the DWEEBS Products is willful and in callous disregard of Ferrara's rights.

69.    Defendants' use of the DWEEBS Marks and DWEEBS Product Packaging is likely to deceive, cause confusion and mistake in the minds of the purchasing public, and, in particular, tends to and does falsely create the impression that Defendants' goods are produced by or in association with Ferrara.

70.    Defendants are intentionally trying to usurp the existing and residual goodwill and secondary meaning of the DWEEBS Mark by falsely suggesting a connection to Ferrara's famous candy products. Indeed, Defendants' website specifically states: "*DWEEBS are the fruity tangy candy inspired by the bold intensive flavours of the USA.*"

71.    Given Defendants' use of a confusingly similar trademark and product packaging in connection with identical goods as those offered by Ferrara, and in light of Defendants' refusal to accede to Ferrara's repeated requests and demands to cease use of the DWEEBS Marks and DWEEBS Product Packaging, Ferrara has no choice but to protect its rights in its valuable trademarks through initiation of this action. All of these facts render this matter an exceptional case.

**FIRST CLAIM FOR RELIEF**

**TRADEMARK INFRINGEMENT ( 15 U.S.C. § 1114)**

72.    Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

73.    Ferrara owns all right, title, and interest in the NERDS Marks and their associated federal registrations. The NERDS Marks serve to identify to the public

certain goods of the highest quality and reputation that are offered by Ferrara alone.

74.     Defendants' knowing adoption and use, in bad faith, of the nearly identical infringing DWEEBS Marks, DWEEBS Product, and DWEEBS Packaging, without Ferrara's authorization or consent, in commerce in connection with the sale, offering for sale, distribution, and/or advertising of its own goods, is likely to confuse, mislead, or deceive the public as to the source, origin, affiliation, or sponsorship of Defendants' goods.

75.     Defendants' sale, offering for sale, distribution, and/or advertising of DWEEBS Products have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the NERDS Marks and with bad faith intent to trade on Ferrara's reputation and goodwill.

76.     Defendants' acts constitute an infringement of Ferrara's trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

77.     Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Ferrara and the goodwill associated with the NERDS Marks for which Ferrara has no adequate remedy at law.

78.     Ferrara is therefore entitled to appropriate relief as prayed for hereinafter, including permanent injunctive relief.

79.     As a result of Defendants' wrongful conduct, Ferrara is also entitled to recover its actual damages (which should be trebled pursuant to 15 U.S.C. § 1117), a disgorgement of Defendants' profits (which, if inadequate, should be increased at the Court's discretion to an amount the Court shall find to be just), and Ferrara's costs, in an amount to be determined at trial.

80.     Defendants' conduct was willful and intentional, and done in bad faith, making this an "exceptional case," and therefore Ferrara is also entitled to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**

**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

**(15 U.S.C. § 1125(a))**

81.    Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

82.    Ferrara and its predecessors-in-interest have used the NERDS Marks continuously and exclusively in commerce in connection with its goods since as early as 1982.

83.    Defendants have intentionally adopted and used the DWEEBS Marks in commerce without authorization or consent from Ferrara in connection with the sale, offering for sale, distribution, and/or advertising of its candy products, all in an attempt to trade on Ferrara's reputation and goodwill in the famous NERDS Marks.

84.    Defendants' conduct and use of the DWEEBS Marks is likely to cause confusion, mistake, or deception as to whether Defendants' products originate from, are associated, affiliated, or connected with, or are sponsored, endorsed, or approved by Ferrara.

85.    Accordingly, Defendants' conduct constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

86.    Defendants' sale, offering for sale, distribution, and/or advertising of DWEEBS Products have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the NERDS Marks and with bad faith intent to trade on Ferrara's reputation and goodwill.

87.    Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Ferrara and the goodwill associated with the NERDS Marks for which Ferrara has no adequate remedy at law.

88.    Ferrara is therefore entitled to appropriate relief as prayed for hereinafter, including injunctive relief.

89.    As a result of Defendants' wrongful conduct, Ferrara is also entitled to recover its actual damages (which should be trebled pursuant to 15 U.S.C. § 1117), a disgorgement of Defendants' profits (which, if inadequate, should be increased at the Court's discretion to an amount the Court shall find to be just), and Ferrara's costs, in an amount to be determined at trial.

90.    Defendants' conduct was willful and intentional, and done in bad faith, making this an "exceptional case," and therefore Ferrara is also entitled to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
### FALSE ADVERTISING (15 U.S.C. § 1125(a))

91.    Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

92.    Defendants through their use of the DWEEBS Marks, DWEEBS Product, and DWEEBS Packaging and statements made in the advertisements of the goods offered under the DWEEBS Marks, DWEEBS Product, and DWEEBS Packaging, falsely suggest that Defendants have a connection to the NERDS Marks and their famous history. As a result of Defendants' conduct, the purchasing public is likely to be deceived as to Defendants' affiliation with Ferrara, the NERDS Family of Products, and Ferrara's historic candy products, and therefore, to purchase Defendants' products in reliance on those erroneous beliefs. As a result of Defendants' conduct, Ferrara has suffered substantial damage and irreparable harm constituting an injury for which Ferrara has no adequate remedy at law. Ferrara will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

93.    Defendants' actions complained of herein constitute false and misleading representations of fact in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B).

**FOURTH CLAIM FOR RELEIF**

**DILUTION (15 U.S.C. § 1125(c))**

94.    Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

95.    As a result of Ferrara's long term and widespread use of its NERDS and NERDS Dual Color Packaging Marks and the amount of publicity and recognition surrounding Ferrara's goods, the NERDS and NERDS Dual Color Packaging Marks have achieved a level of recognition such that they are famous and were famous prior to the acts of Defendants complained of herein.

96.    Defendants' use of the DWEEBS Mark and DWEEBS Packaging in connection with their goods is likely to dilute the distinctive quality of the NERDS and NERDS Dual Color Packaging Marks, through blurring and tarnishment, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

97.    Defendants' sale, offering for sale, distribution and/or advertising of DWEEBS Products have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the famous NERDS and NERDS Dual Color Packaging Marks and with bad faith intent to trade on Ferrara's reputation and goodwill.

98.    Defendants' aforesaid conduct has caused and will continue to cause actual and irreparable injury to Ferrara and the goodwill associated with the NERDS and NERDS Dual Color Packaging Marks for which Ferrara has no adequate remedy at law.

99.    Ferrara is therefore entitled to appropriate relief as prayed for hereinafter, including injunctive relief.

100.    As a result of Defendants' wrongful conduct, Ferrara is also entitled to recover its actual damages (which should be trebled pursuant to 15 U.S.C. § 1117), a disgorgement of Defendants' profits (which, if inadequate, should be increased at the Court's discretion to an amount the Court shall find to be just), and Ferrara's costs, in an amount to be determined at trial.

101.    Defendants' conduct was willful and intentional, and done in bad faith,

making this an "exceptional case," and therefore Ferrara is also entitled to an award of its attorneys' fees pursuant to 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF
## STATUTORY UNFAIR COMPETITION
## CAL. BUS. & PROF CODE, §§ 17200, et seq.

102.  Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

103.  Defendants have intentionally adopted and used the DWEEBS Marks, DWEEBS Product, and DWEEBS Packaging in commerce, without authorization or consent from Ferrara, in connection with the sale, offering for sale, distribution, and/or advertising, of the DWEEBS Products to consumers in California in an attempt to trade on Ferrara's reputation and goodwill.

104.  Defendants' use of the DWEEBS Marks, DWEEBS Product, and DWEEBS Packaging is in bad faith and is likely to continue to cause confusion, mistake, or deception as to whether Defendants' candy products originate from, are associated, affiliated or connected with, or are sponsored, endorsed or approved by Ferrara.

105.  As a result of Defendants' wrongful conduct, Ferrara has suffered harm to its reputation and the goodwill associated with its famous NERDS Marks.

106.  Defendants' acts constitute unfair competition in violation of California Business and Professional Code §§ 17200 et seq.

107.  Defendants' acts greatly and irreparably damage Ferrara and will continue to do so unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law.

108.  Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling or distributing any products utilizing the DWEEBS Marks and/or DWEEBS Packaging, including the DWEEBS Products, as well as Defendants' profits and other remedies provided by California Business and

Professional Code §§ 17200 et seq.

109.   Defendants' conduct has been intentional and willful and in conscious disregard of Ferrara's rights and, therefore, Ferrara is entitled to exemplary and punitive damages in an amount appropriate to punish Defendants and to make an example of them to the community.

**SIXTH CLAIM FOR RELIEF**

**STATUTORY DILUTION**

<u>**CAL. BUS. & PROF CODE, §§ 14330-14335**</u>

110.   Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

111.   The NERDS and NERDS Dual Color Packaging Marks are famous and widely recognized by the general consuming public of the United States and of California as a designation of source of the confectionary products.

112.   Defendants' acts described herein began after the NERDS and NERDS Dual Color Packaging Marks became famous and have diluted the distinctive quality of the famous NERDS and NERDS Dual Color Packaging Marks in violation of California Business and Professional Code §§ 14330-14335.

113.   Defendants' sale, offering for sale, distribution and/or advertising of DWEEBS Products in California have been committed deliberately and willfully, with knowledge of Ferrara's exclusive rights and goodwill in the famous NERDS and NERDS Dual Color Packaging Marks and with bad faith intent to cause dilution of the NERDS and NERDS Dual Color Packaging Marks.

114.   Defendants' acts greatly and irreparably damage Ferrara and will continue to do so unless restrained by this Court; wherefore, Ferrara is without an adequate remedy at law. If not enjoined, Defendants will continue to unfairly derive income, profits, and business opportunities as a result of Defendants' acts of dilution.

115.   Accordingly, Ferrara is entitled to, among other things, an order enjoining and restraining Defendants from selling or distributing any products utilizing the

DWEEBS Marks and/or DWEEBS Packaging, including the DWEEBS Products, as well as Defendants' profits and other remedies provided by California Business and Professional Code §§ 14330-14335.

116. Defendants' conduct has been intentional and willful and in conscious disregard of Ferrara's rights and, therefore, Ferrara is entitled to exemplary and punitive damages in an amount appropriate to punish Defendants and to make an example of them to the community.

**SEVENTH CLAIM FOR RELIEF**

**<u>COMMON LAW TRADEMARK INFRINGEMENT</u>**

**<u>AND UNFAIR COMPETITION</u>**

117. Ferrara repeats and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint.

118. Defendants have intentionally adopted and used the DWEEBS Marks, DWEEBS Product, and DWEEBS Packaging in commerce, without authorization or consent from Ferrara, in connection with the sale, offering for sale, distribution, and/or advertising, of products including the DWEEBS Products to consumers in California in an attempt to trade on Ferrara's reputation and goodwill.

119. Defendants' use of the DWEEBS Marks, DWEEBS Product, and DWEEBS Packaging is in bad faith and is likely to continue to cause confusion, mistake, or deception as to whether Defendants' disposable vapes originate from, are associated, affiliated or connected with, or are sponsored, endorsed or approved by Ferrara.

120. As a result of Defendants' wrongful conduct, Ferrara has suffered harm to its reputation and the goodwill associated wit its NERDS Marks.

121. Defendants' acts constitute trademark infringement and unfair competition in violation of California common law.

122. Defendants' acts greatly and irreparably damage Ferrara and will continue to do so unless restrained by this Court; wherefore, Ferrara is without an adequate

1    remedy at law.

2        123.   Accordingly, Ferrara is entitled to, among other things, an order enjoining

3    and restraining Defendants from selling or distributing any products utilizing the

4    DWEEBS Marks and/or DWEEBS Packaging, including the DWEEBS Products, as

5    well as Defendants' profits and other remedies provided by California common law.

6        124.   Defendants' conduct has been intentional and willful and in conscious

7    disregard of Ferrara's rights and, therefore, Ferrara is entitled to exemplary and punitive

8    damages in an amount appropriate to punish Defendants and to make an example of

9    them to the community.

10        **PRAYER FOR RELIEF**

11        WHEREFORE, Ferrara prays that this Court:

12        1.    Enter judgment that Defendants have violated the Lanham Act 15 U.S.C.

13    §§ 1114, 1125; California Business and Professional Code §§ 17200 et seq; California

14    Business and Professional Code §§ 14330-14335; and California common law, and that

15    such violations were willful and intentional, making this an exceptional case;

16        2.    Issue a permanent injunction enjoining and restraining Defendants, as well

17    as their officers, directors, employees, agents, affiliates, subsidiaries, divisions,

18    successors, assigns, franchisees, licensees, and all those in privity or acting in concert

19    with them from directly or indirectly engaging in:

20        a.    Manufacturing, distributing, shipping, advertising, marketing,

21    promoting, selling, or otherwise offering for sale the DWEEBS Products or any other

22    products using the DWEEBS Mark and/or DWEEBS Packaging or any other mark

23    confusingly similar to or related to the NERDS Marks, including but not limited to any

24    marks or designs confusingly similar thereto;

25        b.    using or authorizing the use of the DWEEBS Products, the

26    DWEEBS Marks and/or DWEEBS Packaging, or any reproduction, counterfeit, copy,

27    or colorable imitation thereof, in any form, or in any manner, or otherwise infringing

28    the NERDS Marks;

c.    Filing, maintaining, or pursuing in any way the DWEEBS applications and registrations listed in Exhibit F or any other application for registration with the United States Patent and Trademark Office or any other governmental agency in the United States of the DWEEBS Marks and variants thereof;

d.    Using, registering, or maintaining the dweebs.com website;

e.    Seeking, maintaining, or renewing any Internet domain name representing or incorporating the DWEEBS Marks or any other identical or similar mark, word or name as a trademark, service mark, trade name or corporate name in any manner likely to cause confusion, mistake or deception with Ferrara and/or the NERDS Marks;

f.    Otherwise unfairly competing with, injuring the business or reputation of, or damaging the goodwill of Ferrara in any manner;

g.    Otherwise falsely representing themselves or any of their products as being associated or affiliated with, sponsored or endorsed by, or in any way connected with Ferrara; and

h.    Otherwise harming the distinctive quality of the NERDS Marks.

3.    Order that Defendants file an express abandonment of the trademark applications and registrations listed in Exhibit F with the United States Patent and Trademark Office and/or relevant state agencies;

4.    Require Defendants, and all others holding by, through or under Defendants, be required, jointly and severally, to:

a.    Pay Ferrara damages for trademark infringement, false designation of origin, false advertising, dilution, and unfair competition and that these damages be trebled as a result of Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117;

b.    Account for and pay over to Ferrara all profits derived by Defendants from their acts of trademark infringement, false designation of origin, false advertising, dilution, and unfair competition;

c.     Pay Ferrara its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, California law, and any other applicable provision of law;

d.     Pay to Ferrara the costs of this action;

e.     Destroy all of the DWEEBS Products in its custody, control, or possession, including all DWEEBS Packaging, and any advertising, marketing, or promotional materials that include references to DWEEBS Products, the DWEEBS Packaging, and/or the DWEEBS Marks; and

f.     File with the Court and serve on Ferrara an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

5.     Grant Ferrara such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the federal Rules of Civil Procedure, Ferrara demands a trial by jury on all matters that may be so tried.


DATED: September 2, 2025     **ALSTON & BIRD**


By:_____*/s/Theresa Conduah* _____
Theresa Conduah
Attorneys for Plaintiff
FERRARA CANDY COMPANY